MARIA K. PUM, ESQ. (CA State Bar No.120987)
CHRISTINE F. KENMORE, ESQ. (CA State Bar No. 114983)
HENDERSON, CAVERLY, PUM & CHARNEY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Phone:  (858) 756-6342
Fax:  (858) 756-4732
Email:  mpum@hcesq.com
        ckenmore@hcesq.com

SHEA & CARLYON, LTD.
Candace C. Carlyon, Esq.
Nevada Bar No. 02666
701 E. Bridger, Suite 850
Las Vegas, NV 89101
Phone:  (702) 471-7432
Fax:  (702) 471-7435
Email:  ccarlyon@sheacarlyon.com


Attorneys for Secured Creditor
WELLS FARGO BANK, N.A.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>**A & A DAIRY**,<br><br>Debtor. | Case No.:  10-52539-GWZ<br><br>**OPPOSITION OF WELLS FARGO BANK TO MOTION TO APPROVE CAL BY-PRODUCTS AS CRITICAL VENDOR AND TO RATIFY LIEN GRANTED DURING PREFERENCE PERIOD**<br><br>**Date: October 6, 2010**<br>**Time: 10:00 a.m.** |

**WELLS FARGO BANK,** National Association (the "Bank") hereby objects to the Motion to Approve Cal By-Products as Critical Vendor and to Ratify Lien Granted During Preference Period ("Motion") filed on behalf of A&A Dairy, a California general partnership (the "Debtor") on July 27, 2010.

This Objection is made and based upon the Points and Authorities and exhibits attached

hereto, the Declaration of Benjamin D. Casey filed herewith (the "Casey Declaration"), the pleadings, papers and records on file in this action, and any oral argument to be presented at the time of the hearing of the Motion.

Dated this 21st day of September, 2010.

*/s/* _____, for
HENDERSON, CAVERLY, PUM & CHARNEY LLP
Christine F. Kenmore, Esq.

And

SHEA & CARLYON, LTD.
Candace C. Carlyon, Esq.
Attorneys for WELLS FARGO BANK, N.A.,
Secured Creditor

## POINTS AND AUTHORITIES

### I.

### FACTUAL SUMMARY

A.  On June 29, 2010 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for District of Nevada (the "Bankruptcy Court"). No trustee has been appointed and the Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

B.  At the time the Debtor's bankruptcy petition was filed, the Debtor was indebted to the Bank in an amount close to $5,000,000.

C.  All of the Bank debt was (and remains) secured by (among other things) all real and personal property and other assets owned by the Debtor. See, e.g., Declaration of Benjamin D. Casey in support of Opposition of Wells Fargo Bank to (1) Motion to Approve Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363; (2) Motion to Approve Debtor's Entry Into Dairy

1  Herd Retirement Program; and (3) Motion to Approve Sale of Assets Pursuant to 11 U.S.C. §363
2  at ¶5(f)-(i); Debtor's Schedule D on file in this case, appearing at Docket #1, pps. 13-14.

3      D.   Due to certain payments received post-petition from proceeds of the Bank's
4  collateral, the Bank debt as of September 20, 2010 (other than accrued and unpaid interest and
5  costs and expenses) was equal to $3,214,004.87. Casey Declaration at ¶5D.

6      E.   In contravention of the terms of its loan documents with the Bank, and
7  unbeknownst to the Bank, the Debtor granted Cal By-Products a junior lien on real estate owned
8  by the Debtor and already pledged to the Bank, which was recorded within 90 days of the
9  Petition Date. Pursuant to the terms of the Motion, this was done to encourage Cal By-Products
10 to continue to provide feed to the Debtor prior to (and after) the Petition Date. Motion at p. 2, ¶4.

11     F.   Based on financial information prepared by the Debtor attached hereto as <u>Exhibit
12 A</u> (and filed with the Bankruptcy Court on July 30, 2010 as an Exhibit to the Cash Collateral
13 Stipulation entered into between Bank and the Debtor), it appears that *in addition to* the granting
14 of the preferential lien (and the COD payment for all deliveries of feed after the granting of such
15 lien) made unauthorized post-petition payments (and may have made certain preferential pre-
16 petition payments[1]) to Cal By-Products on account of pre-petition accounts payable as a
17 condition to its receipt of further feed from such supplier. See, Exhibit A listing of payments
18 made post-petition to Cal By-Products.

19     G.   Bank believes the amount of such unauthorized and preferential post-petition
20 payments from the Debtor to Cal By-Products to aggregate in excess of $60,000. See, Exhibit A
21 listing of (i) the aggregate amount of checks (#50283 and # 50305) paid by the Debtor post-
22 petition to Cal By-Products equal to $72,441.54 <u>less</u> (ii) aggregate balance of bills submitted
23 post-petition by Cal By-Products equal to $11,221.07.

24     H.   Based on financial information prepared by the Debtor and filed with the
25 Bankruptcy Court, and contrary to the statements contained in the Motion, Cal By-Products was
26 <u>not</u> the only feed supplier who continued to work with Debtor to help fill the Debtor's critical

---

[1] Debtor's Amended Statement of Financial Affairs lists $223,198.00 paid to Cal By-Products in the 90 days prior to the petition. See Docket #9, p. 3.

pre-petition and post-petition needs for feed.  Specifically, California Ag Commodities continues to provide the Debtor with feed – seemingly for *greater* amounts than Cal By-Products.  See, Exhibit A listing of commodities bills presented by California Ag Commodities to Debtor post-petition

     I.     Debtor had wound down its operations as a dairy by late July 2010 (when Debtor auctioned off the bulk of its cattle) and Cal By-Products has not provided the Debtor with a shipment of feed since mid July 2010 at the very latest – a mere 2 weeks into the pendency of this Case.  See Exhibit A.

     J.     The total value of feed provided to the Debtor by Cal By-Products post-petition was approximately $10,280.68.  See Exhibit A.

     K.     Although a creditor's committee was appointed on July 22, 2010 (Docket No. 16), the docket does not reflect any appearance by any proposed committee counsel.

## II.

## ARGUMENT

The "critical vendor" theory has been judicially created on equitable grounds to afford some incentive and relief to pre-petition creditors willing to continue to do business with a debtor-in-possession.  Because such a request would vary the payment priorities set forth by the Bankruptcy Code, such exceptions should be narrowly drawn.  See, e.g., In re Tropical Sportswear Int'l Corp., 320 B.R. 15, 17 (Bankr.M.D.Fla.2005); In re Fultonville Metal Products Co., 330 B.R. 305, 313 (Bkrtcy.M.D.Fla.,2005).

The form of such relief depends on the facts of the individual case.  However, at a minimum, the Debtor must make an evidentiary showing that: "(1) the payments were necessary to the debtor's reorganization; (2) that a sound business reason justified the payments, in that the vendors would refuse to do business with the debtor absent the payments; and (3) that the disfavored creditors would not be harmed by the payments." In re Tropical Sportswear, 320 B.R. at 17.  In this case, in consideration of $10,000 worth of post-petition product (for which the alleged "critical vendor" has already been paid), the Debtor requests this Court to:

/ / /

    (1)    Ratify a preferential lien securing $240,000 of debt while failing to disclose other preferential benefits already given to this vendor;

    (2)    Prefer this vendor over another similar vendor who provided a greater amount - approximately $43,000 - of similar product to the Debtor post-petition; and

    (3)    Characterize a vendor as "critical" based on nominal post-petition cooperation with the Debtor and well after any further need by the Debtor for this vendor's cooperation has long since elapsed.

The foregoing is neither equitable nor logical in this Case. Nor does the Debtor meet the four-part evidentiary burden. The payments are clearly not necessary to the Debtor's reorganization-in fact, the Debtor has sold its dairy herd, such that payment to the feed supplier is on no way necessary to any reorganization effort. Second, there is no showing of either the refusal of the vendor to do business with the Debtor in the future nor any showing that such business is even contemplated given the completed herd liquidation. Third, there is no showing with regard to the impact of such payments on other creditors. Given that the Bank has a senior lien on the Debtor's assets, the contrary is true-every dollar which has been paid to Cal By-Products has come from Wells Fargo's collateral, and is likely to create an equal reduction in recovery to Wells Fargo.[2]

The only case cited by Debtor, In re Brown & Cole Stores, LLC, 375 B.R. 873, 875 n.3 (9th Cir. BAP 2007) illustrates the fact that this Court need not attempt to stretch the "doctrine of necessity" to the claim here at issue. In Brown, the court interpreted the allowance of administrative priority to 20 day reclamation claims under the 2005 amendments to Bankruptcy Code §503(b)(9). The court held that such administrative expense priority could be asserted even by a secured creditor, based upon the clear wording of the 2005 amendments. In this case, there is no showing of any amount as to which a §503(b)(9) reclamation claim might be granted, nor is

---

[2] Conversely, if the Debtor is solvent, all creditors, including Cal By-Products, will be paid in full, and there is no necessity of ruling now with regard to the lien granted during the preference period.

1  there a request being made for an administrative priority under that section. The existence of the remedy under §509(b)(9)[3] illustrates that the granting (or validating) a $240,000 lien is neither a necessary nor an appropriate deviation from the statutory priorities established by the Bankruptcy Code. It is especially troubling that it appears that the Debtor may be attempting to validate unauthorized post-petition payments on pre-petition debt, and to create a defense to what may be preferential pre-petition payments, to Cal By-Products.

### III.

### CONCLUSION

For the foregoing reasons, the Bank respectfully requests that this Court deny each of the Debtor's requests to (a) approve Cal By-Products as a critical vendor, and (b) ratify the lien granted by Debtor to Cal By-Products during the preference period; and grant such other and further relief as is appropriate in the circumstances.

Dated this 21st day of September, 2010.

        *[signature]* for
HENDERSON, CAVERLY, PUM & CHARNEY LLP
Christine F. Kenmore, Esq.

And

SHEA & CARLYON, LTD.
Candace C. Carlyon, Esq.
Attorneys for WELLS FARGO BANK, N.A.,
Secured Creditor

---

[3] Nor would such a result be appropriate in light of the existing statutory framework set out in Bankruptcy Code §547(c)(3)(a), which would permit a showing, in the context of an adversary proceeding as required by Fed.R.Bankr.P. Rule 7001(a), the creditor to avoid in part the challenge to a preferential transfer to the extent it secured new value.

# EXHIBIT A

6:46 AM
07/30/10

# A & A Dairy
## Transaction List by Vendor
### June 30 through July 30, 2010

| Type | Date | Num | Memo | Account | Split | Amount |
|---|---|---|---|---|---|---|
| **Bi-State Propane** | | | | | | |
| Credit | 07/02/2010 | G560526 | | 427 · Accounts Payable | 751 · Utilities | 232.81 |
| Bill | 07/08/2010 | 614857 | | 427 · Accounts Payable | 751 · Utilities | -234.54 |
| Bill | 07/08/2010 | 614856 | | 427 · Accounts Payable | 751 · Utilities | -461.57 |
| Bill | 07/08/2010 | 915329 | | 427 · Accounts Payable | 751 · Utilities | -1.00 |
| Bill | 07/08/2010 | 614880 | | 427 · Accounts Payable | 751 · Utilities | -211.00 |
| Bill | 07/27/2010 | 144176 | | 427 · Accounts Payable | 751 · Utilities | -396.02 |
| Bill | 07/27/2010 | 615029 | | 427 · Accounts Payable | 751 · Utilities | -450.81 |
| Bill | 07/27/2010 | 615030 | | 427 · Accounts Payable | 751 · Utilities | -224.88 |
| Bill Pmt -Check | 07/28/2010 | 50332 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -1,979.82 |
| **Cal By-Products** | | | | | | |
| Bill | 06/30/2010 | 384583 | | 427 · Accounts Payable | 770 · Interest Expense | -940.39 |
| Bill | 06/30/2010 | 384990 | | 427 · Accounts Payable | 702 · Commodities | -4,821.60 |
| Check | 07/02/2010 | 50283 | | 107 · NV State Bank Checking | 702 · Commodities | -40,000.00 |
| Bill | 07/08/2010 | 384991 | | 427 · Accounts Payable | 702 · Commodities | -5,459.08 |
| Check | 07/15/2010 | 50305 | | 107 · NV State Bank Checking | 702 · Commodities | -32,441.54 |
| **California Ag Commodities** | | | | | | |
| Bill | 07/01/2010 | 13275 | ddg/189 | 427 · Accounts Payable | 702 · Commodities | -4,229.82 |
| Bill | 07/02/2010 | 13225 | gluten/171 | 427 · Accounts Payable | 702 · Commodities | -4,245.93 |
| Bill | 07/03/2010 | 13259 | ddg/189 | 427 · Accounts Payable | 702 · Commodities | -4,227.93 |
| Bill | 07/06/2010 | 13204 | hfr mix/118 | 427 · Accounts Payable | 702 · Commodities | -2,847.34 |
| Bill | 07/06/2010 | 13277 | gluten/172 | 427 · Accounts Payable | 702 · Commodities | -4,177.88 |
| Bill | 07/07/2010 | 13276 | canola/325 | 427 · Accounts Payable | 702 · Commodities | -7,988.50 |
| Bill | 07/12/2010 | 13299 | hfr mix/118 | 427 · Accounts Payable | 702 · Commodities | -2,888.64 |
| Bill | 07/12/2010 | 13300 | gluten/154 | 427 · Accounts Payable | 702 · Commodities | -3,874.64 |
| Bill | 07/13/2010 | 13301 | ddg/197 | 427 · Accounts Payable | 702 · Commodities | -4,781.19 |
| Bill | 07/13/2010 | 13315 | ddg/197 | 427 · Accounts Payable | 702 · Commodities | -4,038.78 |
| Bill Pmt -Check | 07/25/2010 | 50317 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -80,326.65 |
| **CARA** | | | | | | |
| Bill | 07/14/2010 | jul10.prem | | 427 · Accounts Payable | -SPLIT- | -64.80 |

6:46 AM
07/30/10

## A & A Dairy
### Transaction List by Vendor
### June 30 through July 30, 2010

| | Type | Date | Num | Memo | Account | Split | Amount |
|---|---|---|---|---|---|---|---|
| | Bill Pmt -Check | 07/25/2010 | 50318 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -129.60 |
| **CC Communications** | | | | | | | |
| | Bill Pmt -Check | 07/15/2010 | 50303 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -393.70 |
| **Chartis - Workers Comp Ins** | | | | | | | |
| | Bill Pmt -Check | 07/25/2010 | 50319 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -1,122.00 |
| **Churchill County Clerk-Treasurer** | | | | | | | |
| | Bill | 07/09/2010 | jul10.2888 | | 427 · Accounts Payable | 755 · Taxes & Licenses | -102.03 |
| | Bill | 07/09/2010 | jul10.4911 | | 427 · Accounts Payable | 755 · Taxes & Licenses | -25.93 |
| | Bill | 07/09/2010 | jul10.8980 | | 427 · Accounts Payable | 755 · Taxes & Licenses | -1,079.59 |
| | Bill Pmt -Check | 07/25/2010 | 50320 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -1,207.55 |
| **City of Fallon** | | | | | | | |
| | Bill | 07/15/2010 | jul10.stm | | 427 · Accounts Payable | 799 · Miscellaneous | -245.00 |
| | Bill Pmt -Check | 07/25/2010 | 50321 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -245.00 |
| **D & D Plumbing** | | | | | | | |
| | Bill | 07/07/2010 | 100707-012 | | 427 · Accounts Payable | 748 · Repairs | -1,445.37 |
| **D Bar M Holsteins** | | | | | | | |
| | Check | 07/02/2010 | 50284 | | 107 · NV State Bank Checking | 733 · Rent - Milk Cows | -4,100.00 |
| **D Bar M Holsteins, Inc.** | | | | | | | |
| | Bill | 06/30/2010 | jun10.FC | jun10.FC | 427 · Accounts Payable | 770 · Interest Expense | -641.41 |
| **Dan Alegre** | | | | | | | |
| | Check | 07/01/2010 | | | 107 · NV State Bank Checking | 505 · Draws on Capital | -4,166.00 |
| **Darrin Alegre** | | | | | | | |
| | Check | 07/15/2010 | 50304 | reimb TPE #436256 | 107 · NV State Bank Checking | 765 · Fuel & Oil | -600.00 |
| | Check | 07/22/2010 | 50316 | reimb sm cks ordered | 107 · NV State Bank Checking | 799 · Miscellaneous | -25.45 |

Page 2 of 5

6:46 AM
07/30/10

## A & A Dairy
### Transaction List by Vendor
### June 30 through July 30, 2010

| Type | Date | Num | Memo | Account | Split | Amount |
|---|---|---|---|---|---|---|
| **DMV** | | | | | | |
| Bill | 07/01/2010 | jul10.ALEGRE | | 427 · Accounts Payable | 755 · Taxes & Licenses | -187.00 |
| Bill Pmt -Check | 07/25/2010 | 50322 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -187.00 |
| **Equitable** | | | | | | |
| General Journal | 07/16/2010 | | health ins prem | 724 · Dan Guaranteed payment | 107 · NV State Bank Checking | 269.17 |
| **Ernst Ranch & Dairy Supplies** | | | | | | |
| Bill | 06/30/2010 | jun.FC | | 427 · Accounts Payable | 770 · Interest Expense | -7.49 |
| **Farm Plan** | | | | | | |
| Bill | 07/08/2010 | jul10.stm | #75317-50912 | 427 · Accounts Payable | 748 · Repairs | -621.32 |
| Bill | 07/08/2010 | jul10.FC | #75317-50912 | 427 · Accounts Payable | 770 · Interest Expense | -70.50 |
| Bill Pmt -Check | 07/25/2010 | 50323 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -691.82 |
| **Health Plan Administrators Inc** | | | | | | |
| Bill | 07/04/2010 | jul10.prem | | 427 · Accounts Payable | -SPLIT- | -661.97 |
| Bill Pmt -Check | 07/25/2010 | 50324 | | 107 · NV State Bank Checking | 427 · Accounts Payable | -1,323.94 |
| **HFI** | | | | | | |
| Bill | 07/08/2010 | 484 | | 427 · Accounts Payable | 748 · Repairs | -45.00 |
| Bill | 07/09/2010 | 485 | | 427 · Accounts Payable | 748 · Repairs | -250.86 |
| **Internal Revenue Service** | | | | | | |
| Liability Check | 06/30/2010 | 943/jun.10 | 94-2085568 | 107 · NV State Bank Checking | -SPLIT- | -2,661.32 |
| Liability Check | 06/30/2010 | 943/jun.10 | 94-2085568 | 107 · NV State Bank Checking | -SPLIT- | -348.16 |
| Liability Check | 07/14/2010 | 943/jul10 | 94-2085568 | 107 · NV State Bank Checking | -SPLIT- | -2,019.56 |
| **Lahontan Valley Vet** | | | | | | |
| Bill | 06/30/2010 | jun10.FC | | 427 · Accounts Payable | 770 · Interest Expense | -43.21 |

Page 3 of 5

6:46 AM
07/30/10

# A & A Dairy
## Transaction List by Vendor
### June 30 through July 30, 2010

| Type | Date | Num | Memo | Account | Split | Amount |
|---|---|---|---|---|---|---|
| **Louie's Home Center Inc** | | | | | | |
| Bill | 06/30/2010 | jun10.stm | | 427 · Accounts Payable | 748 · Repairs | -102.21 |
| **MSE Welding & Fabrication** | | | | | | |
| Bill | 07/02/2010 | jul10.stm | | 427 · Accounts Payable | 748 · Repairs | -2,080.18 |
| **Nevada Dept. of Taxation/Modified Bus. Ta** | | | | | | |
| Check | 07/19/2010 | 50311 | MBT/Q2/1000211355 | 107 · NV State Bank Checking | 755 · Taxes & Licenses | -733.01 |
| **NV Employment Security Division** | | | | | | |
| Liability Check | 07/19/2010 | 50309 | 136072.00-6 | 107 · NV State Bank Checking | 426 · Payroll Liabilities | -316.78 |
| **NV Energy** | | | | | | |
| Bill | 07/01/2010 | jul10.stm | electric | 427 · Accounts Payable | -SPLIT- | -5,757.34 |
| **NV State Collections & Disbursement Unit** | | | | | | |
| Liability Check | 06/30/2010 | 50264 | 909384000A | 107 · NV State Bank Checking | 426 · Payroll Liabilities | -153.00 |
| Liability Check | 07/15/2010 | 50300 | 909384000A | 107 · NV State Bank Checking | 426 · Payroll Liabilities | -153.00 |
| **NV State Treasurer** | | | | | | |
| Liability Check | 07/19/2010 | 50308 | | 107 · NV State Bank Checking | 426 · Payroll Liabilities | -12.00 |
| **Oasis Air Conditioning, Heating, & Sheet** | | | | | | |
| Bill | 07/19/2010 | 16631 | | 427 · Accounts Payable | 748 · Repairs | -126.96 |
| **Payroll** | | | | | | |
| | 06/30/2010 | | Dairy Payroll | Salaries & Wages | | -18,500.00 |
| | 07/15/2010 | | Dairy Payroll | Salaries & Wages | | -13,227.00 |
| **Postmaster** | | | | | | |
| Check | 07/19/2010 | 50312 | | 107 · NV State Bank Checking | 799 · Miscellaneous | -44.00 |
| **Principal Financial Group** | | | | | | |
| General Journal | 07/15/2010 | | darrin | Insurance - Health | -SPLIT- | -643.36 |

Page 4 of 5

6:46 AM
07/30/10

# A & A Dairy
## Transaction List by Vendor
### June 30 through July 30, 2010

| Type | Date | Num | Memo | Account | Split | Amount |
|---|---|---|---|---|---|---|
| General Journal | 07/15/2010 | | stefanie | Insurance - Health | | -457.22 |
| **US Trustee** | | | | | | |
| | 07/07/2010 | 2010 Q2 | Acct#783-10-52539 | 427 · Accounts Payable | 768 · Professional Fees | -650.00 |
| **Verizon Wireless** | | | | | | |
| Bill | 07/25/2010 | 50329 | 565784972 | 107 · NV State Bank Checking | 427 · Accounts Payable | -147.10 |
| **Walco International** | | | | | | |
| Bill | 06/30/2010 | jun10.stm | | 427 · Accounts Payable | -SPLIT- | -29,944.12 |
| **Wedco Inc.** | | | | | | |
| Bill | 07/08/2010 | 933581 | | 427 · Accounts Payable | 748 · Repairs | -13.96 |
| **Wells Fargo Bank** | | | | | | |
| Bill Pmt -Check | 07/19/2010 | 940/Q2 | 94-2085568 | 107 · NV State Bank Checking | FUTA payable | -151.69 |
| **Western Energetix, LLC** | | | | | | |
| Liability Check | 06/30/2010 | 289235 | | 427 · Accounts Payable | -SPLIT- | -608.34 |
| | 07/15/2010 | 291497 | | 427 · Accounts Payable | | -572.40 |
| **Zapien Dairy Management** | | | | | | |
| Bill | 07/14/2010 | 9232 | | 427 · Accounts Payable | 748 · Repairs | -460.00 |
| | 07/14/2010 | 9241 | | 427 · Accounts Payable | 748 · Repairs | -826.39 |
| | | | | | | -311,140.21 |