MARIA K. PUM, ESQ. (CA State Bar No.120987)
CHRISTINE F. KENMORE, ESQ. (CA State Bar No. 114983)
HENDERSON, CAVERLY, PUM & CHARNEY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Phone: (858) 756-6342
Fax: (858) 756-4732
Email: mpum@hcesq.com
         ckenmore@hcesq.com

SHEA & CARLYON, LTD.
Candace C. Carlyon, Esq.
Nevada Bar No. 02666
701 E. Bridger, Suite 850
Las Vegas, NV 89101
Phone: (702) 471-7432
Fax: (702) 471-7435
Email: ccarlyon@sheacarlyon.com

Attorneys for Secured Creditor
WELLS FARGO BANK, N.A.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>**A & A DAIRY**,<br><br>Debtor. | Case No.: 10-52539-GWZ<br><br>**MOTION TO APPROVE AMENDED STIPULATION REGARDING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**<br><br>**Date: February 2, 2011**<br>**Time: 2:00 p.m.** |

Wells Fargo Bank, N.A. ("WFB"), by and through its undersigned counsel, hereby moves this Court to approve the Amended Stipulation Regarding Use of Cash Collateral and Adequate Protection (the "Amended Stipulation"). A proposed form of Order is attached hereto as Exhibit "A", for which the Amended Stipulation is attached as Exhibit "1".

This Motion is made pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 4001(d) and is based upon the Exhibits attached hereto, the Memorandum of Points and Authorities filed herewith, the pleadings, papers and records on file with this Court, of which judicial notice is respectfully requested pursuant to Fed. R. Evid. 201, and any oral argument entertained by the Court at the time of the hearing on this Motion.

Dated this 20th day of December, 2010.

/s/ Candace Carlyon

HENDERSON, CAVERLY, PUM & CHARNEY LLP
Christine F. Kenmore, Esq.

And

SHEA & CARLYON, LTD.
Candace C. Carlyon, Esq.
Attorneys for WELLS FARGO BANK, N.A.,
Secured Creditor

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PROCEDURAL BACKGROUND

1.      On July 25, 2010 Debtor filed its Application to: (1) Approve Debtor's Entry Into A Dairy Herd Retirement Program; and (2) Approve Sale of Assets Pursuant to 11 U.S.C. §363 [Docket No. 20] ("Debtor's Sale Motion").

2.      Debtor also filed a Motion to Use Cash Collateral on July 25, 2010 [Docket No. 21] ("Debtor's Cash Collateral Motion").

3.      On July 28, 2010 WFB filed its Opposition to Debtor's Sale Motion and Debtor's Cash Collateral Motion [Docket 36].

4.      WFB objected to Debtor's Cash Collateral Motion until such time the value of the Bank's collateral was determined and adequate protection was provided by the Debtor.

5.      WFB objected to Debtor's Sale Motion as the Debtor sought for sale of substantially all of the Debtors assets and further WFB asserted a lien in all proceeds generated from any allowed sale.

6.      WFB and Debtor determined that it would benefit all parties and the estate for the issues raised in the WFB's Opposition to be resolved by stipulation, which provided for Debtor's use of WFB's Cash Collateral only to pay approved costs and expenses relating to the Debtor's dairy operations and certain approved expenditures essentially related to the winding down of such operations.

7.      Since the entry of the Stipulation on July 30, 2010, Debtor has requested WFB approve use of its cash collateral to pay additional expenses, more particularly described in Exhibit "A" to the Amended Stipulation.  The Amended Stipulation includes provisions for the Debtor:

a.      To utilize cash collateral for budgeted postpetition expense of the Debtor;

b.      To continue to pay to WFB partial interest payments on the Notes at the Post-Petition Payment Rate on the 15th calendar day of each month;

c.      To pay to WFB those amounts described in Paragraph 4 of the Amended Stipulation (including the immediate payment of the sum of $100,000.00 toward costs and attorney's fees incurred by WFB), and for the reimbursement of all costs and expenses incurred by WFB from time to time in connection with the Notes, its collateral and this Case;

d.      To pay up to $6,500.00 to an appraiser approved by WFB for the appraisal of Debtor's real property;

e.    To pay real estate taxes assessed and payable with respect to the Debtor's real estate holdings; and

f.    To pay such other expenses as consented to by WFB in writing from time to time.

8.    WFB and Debtor submit that the Amended Stipulation, which also incorporates the provisions of the July 30, 2010 Stipulation, is reasonable, and is in the best interest of the estate and its creditors, and therefore respectfully request that the Court approve the same, and enter an order in the form attached hereto as Exhibit "2".

## II.

## LEGAL AUTHORITY

11 U.S.C. §363(c)(2)(B) prohibits the Debtors use of cash collateral unless adequate protection is provided.  Section 301(1) expressly recognizes cash payments as a form of providing adequate protection.  Section 363(c)(4) further requires the Debtor to segregate and account for cash collateral.

Pursuant to Fed. R. Bankr. P. 4001(d)(1)(A) a copy of the Amended Stipulation is attached.

It is submitted that the terms of the Amended Stipulated represent an appropriate method for Debtor to comply with the requirements of § 363, which providing for the use of cash collateral which the Debtor contends is necessary to its reorganization efforts.

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## CONCLUSION

For the aforementioned reasons, WFB respectfully requests that the Court approve the Stipulation attached hereto as Exhibit 1, to the proposed form of Order attached hereto as Exhibit "A".

Dated this 20th day of December, 2010.

/s/ Candace Carlyon

HENDERSON, CAVERLY, PUM & CHARNEY LLP
Christine F. Kenmore, Esq.

And

SHEA & CARLYON, LTD.
Candace C. Carlyon, Esq.
Attorneys for WELLS FARGO BANK, N.A.,
Secured Creditor

# EXHIBIT "A"

MARIA K. PUM, ESQ. (CA State Bar No.120987)
CHRISTINE F. KENMORE, ESQ. (CA State Bar No. 114983)
HENDERSON, CAVERLY, PUM & CHARNEY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Phone: (858) 756-6342
Fax: (858) 756-4732
Email: mpum@hcesq.com
        ckenmore@hcesq.com

SHEA & CARLYON, LTD.
Candace C. Carlyon, Esq.
Nevada Bar No. 02666
701 E. Bridger, Suite 850
Las Vegas, NV 89101
Phone: (702) 471-7432
Fax: (702) 471-7435
Email: ccarlyon@sheacarlyon.com

Attorneys for Secured Creditor
WELLS FARGO BANK, N.A.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>**A & A DAIRY,**<br><br>                    Debtor. | Case No.:  10-52539-GWZ<br><br>**ORDER APPROVING AMENDED STIPULATION REGARDING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**<br><br>**Date: February 2, 2011**<br>**Time: 2:00 p.m.** |

1

1    Upon the Motion to Approve Amended Stipulation Regarding use of Cash Collateral and

2  Adequate Protection filed December _____, 2010 (the "Motion") for an order approving the

3  Amended Stipulation Regarding Use of Cash Collateral and Adequate Protection (the "Amended

4  Stipulation"), a copy of which is attached hereto as **Exhibit "1"** and fully incorporated herein; and

5  it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and all

6  other parties in interest; and due and sufficient notice of the Motion having been given; and it

7  appearing that no other or further notice need be provided; and good cause appearing therefor:

8

9    IT IS ORDERED, ADJUDGED AND DECREED THAT:

10    The Motion is GRANTED.

11

RESPECTFULLY SUBMITTED BY:

12

13

14

_____
15  HENDERSON, CAVERLY, PUM & CHARNEY LLP
   Christine F. Kenmore, Esq.
16
   And
17
   SHEA & CARLYON, LTD.
18  Candace C. Carlyon, Esq.
   Attorneys for WELLS FARGO BANK, N.A.,
19  Secured Creditor

20

21  APPROVED:

22

23

_____
24  DARBY LAW PRACTICE
   Kevin A. Darby, Esq.
25  Attorneys for A & A Dairy, Debtor
   and Debtor in Possession
26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT "1"</u>**

1  MARIA K. PUM, ESQ. (CA State Bar No.120987)
2  CHRISTINE F. KENMORE, ESQ. (CA State Bar No. 114983)
   HENDERSON, CAVERLY, PUM & CHARNEY LLP
3  P.O. Box 9144 (all U.S. Mail)
   16236 San Dieguito Road, Suite 4-13
4  Rancho Santa Fe, CA 92067-9144
   Phone: (858) 756-6342
5  Fax: (858) 756-4732
   Email: mpum@hcesq.com
6          ckenmore@hcesq.com
7
   SHEA & CARLYON, LTD.
8  Candace C. Carlyon, Esq.
   Nevada Bar No. 02666
9  701 E. Bridger, Suite 850
   Las Vegas, NV 89101
10 Phone: (702) 471-7432
   Fax: (702) 471-7435
11 Email: ccarlyon@sheacarlyon.com
12
   Attorneys for Secured Creditor
13 WELLS FARGO BANK, N.A.
14
15              **UNITED STATES BANKRUPTCY COURT**
16                    **DISTRICT OF NEVADA**
17
   In re                          Case No.: 10-52539-GWZ
18
   **A & A DAIRY**,               **AMENDED STIPULATION REGARDING**
19                                 **USE OF CASH COLLATERAL AND**
                                   **ADEQUATE PROTECTION**
            Debtor.
20
                                   **Date: [OST]**
21                                 **Time: [OST]**
22
23
24       This "Amended Stipulation Regarding Use of Cash Collateral and Adequate Protection"
25 ("Amended Stipulation") is dated as of **December 20th, 2010**, and is entered into by and between A
26 & A DAIRY, the debtor and debtor in possession herein (the "Debtor") and Wells Fargo Bank,
27 National Association (the "Bank") by and through their respective counsel of record.
28

**RECITALS**

A.    On July 29, 2010 (the "Hearing Date"), the United States Bankruptcy Court for District of Nevada (the "Bankruptcy Court") held a hearing with respect to various motions (collectively, the "Motions") filed on behalf of the Debtor relating to (among other things) the Debtor's use of cash collateral to which the Bank had timely filed several objections ("Objections").

B.    The Bank and the Debtor (together, the "Parties") agreed to resolve the Motions and related Objections on the terms stated in that certain "Stipulation Regarding (1) Use of Cash Collateral and Adequate Protection; (2) Debtor's Entry Into Dairy Herd Retirement Program; and (3) Sale of Assets Pursuant to 11 U.S.C. 363" (together with all Exhibits and attachments thereto "Original Stipulation") dated as of July 29, 2010. (Docket # 40).

C.    The terms of the Original Stipulation were approved and confirmed in their entirety by that  "Order Granting Debtor's Motion to: (1) Approve Debtor's Entry into Dairy Herd Retirement Program; and (2) Approve Sale of Assets Pursuant to 11 U.S.C 363" entered on August 9, 2010. (Docket #42)

D.    The Original Stipulation and related Order dealt only with the Debtor's use of the Bank's Cash Collateral to pay approved costs and expenses relating to the Debtor's dairy operations and the winding down of such operations.

E.    The Debtor has requested that the Bank approve the use of its cash collateral to pay for those additional expenses described in the Budget attached hereto as **Exhibit A** ("Budget") or otherwise approved herein. The Bank has agreed to the Debtor's request on the terms and conditions described in this Amended Stipulation.

WHEREFORE, the Parties hereby stipulate and agree as follows:

**AGREEMENT**

1.    Accuracy of Recitals.  The foregoing Recitals are true and correct.

2.    Survival of Original Stipulation. All terms and conditions of the Original Stipulation shall remain in full force and effect unless expressly amended or superseded by the terms of this Amended Stipulation. Capitalized terms used herein and not otherwise defined herein shall have the

meaning given to such terms in the Original Stipulation.

3. <u>Use of Cash Collateral</u>.  Subject to all of the terms and conditions of the Original Stipulation, the Bank hereby consents to the Debtor's use of cash collateral from the date hereof to the "Termination Date" for the following purposes:

(a) To make payments for postpetition expenses of the Debtor, not exceeding for each line item of expenditure for each month interval commencing with the month of December 2010 the amount set forth for such line item of expenditure on the Budget; <u>provided, however,</u> that all Parties acknowledge that although the attached Budget has been prepared to cover a 6 month period, there are no assurances that the terms of this Amended Stipulation will be in effect for such an extended period of time given the other terms of the Original Stipulation which provids for the potential occurrence of an earlier Termination Date based on the various factors or events described therein;

(b) To continue to pay to Bank partial interest payment on the Notes at the Post-Petition Payment Rate on the 15th calendar day of each month;

(c) To pay to Bank those amounts described in <u>Paragraph 4</u> hereinbelow for the reimbursement of all costs and expenses incurred by the Bank from time to time in connection with the Notes, its collateral and this Case;

(d) To pay up to $6,500 to an appraiser approved by Bank for the appraisal of Debtor's real property;

(e) To pay real estate taxes assessed and payable with respect to the Debtor's real estate holdings; and

(f) To pay such other expenses consented to by Bank in writing from time to time.

4. <u>Payment of Bank Expenses</u>.  On the date hereof, Debtor shall pay Bank the sum of $100,000 for Bank to apply to unreimbursed costs and expenses (including without limitation attorneys' fees and foreclosure costs) incurred by Bank through the date hereof in connection with the Debtor, any of its collateral or this Case. From and after the date hereof, Debtor shall reimburse

Bank for any and all such future expenses, on a current basis, within ten (10) days of demand therefore by the Bank. If and to the extent the $100,000 payable by Debtor hereunder is in excess of amounts incurred by Bank through the date hereof, Bank shall deduct such excess amount from Bank's subsequent demand to Debtor for reimbursement. If and to the extent the $100,000 payable by Debtor hereunder is insufficient to reimburse Bank for amounts incurred by Bank through the date hereof, Bank shall add such insufficiency to Bank's subsequent demand to Debtor for reimbursement.

5. <u>CWT Proceeds and Other Cash Collateral Maintained at Bank.</u>  Debtor hereby acknowledges and agrees that Bank has a first priority perfected security interest in all proceeds ("CWT Proceeds") received by the Debtor at any time pursuant to the CWT Herd Retirement Program. All such CWT Proceeds and any and all other cash available to Debtor from time to time shall be maintained at all times at one or more deposit accounts maintained with the Bank. Debtor's failure to maintain all of its cash at the Bank from and after the date hereof shall give rise to an immediate Event of Default hereunder. Debtor hereby authorizes Bank to offset its bank account(s) held at Bank from time to time in order to (a) fund interest payments payable to Bank under Paragraph 3 hereof; and (b) fund payments payable to Bank under paragraph 4 hereof.

6. <u>Reporting.</u> In addition to such other information and reports Bank may reasonably request from the Debtor from time to time, Debtor shall deliver to Bank within ten (10) days of each calendar month end a reconciliation of actual expenses paid and income received in such calendar month for each of the line items included on the Budget.

7. <u>Effectiveness.</u>  This Stipulation shall become effective on a final basis upon entry of an order by Bankruptcy Court approving the same acceptable in form and substance to the Bank; <u>provided, that</u> the Parties intend to comply with all of the terms hereof immediately upon execution hereof..

///

///

///

8.  <u>Counterparts</u>.  This Stipulation may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto were upon the same instrument.  This Stipulation may be executed by the facsimile delivery of signature pages.

9.  <u>Enforceability</u>.  The terms and conditions of this Stipulation have been negotiated by the Parties at arms' length and in good faith and are fair and reasonable under the circumstances, and this Stipulation shall be enforceable against the Parties in accordance with its terms.  This Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their successors in interest, including any successor to the Bank and any trustee appointed for the Debtor's estate, and including any trustee appointed after any conversion of the Debtor's case to a case under chapter 7 of the Bankruptcy Code, proved that in the event either a chapter 11 or chapter 7 trustee is appointed, the Bank's consent to the use of cash collateral shall terminate unless the Bank indicates to the contrary in writing.

10. <u>Service of Stipulation</u>.  Counsel for the Debtor shall serve this Stipulation and the final order approving this Stipulation upon the United States Trustee, each of the Debtor's twenty largest unsecured creditors, counsel for the creditors' committee appointed in this case, the United States Attorney General, the Internal Revenue Service, counsel for the Bank, and any parties requesting special notice in this case, without duplication.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

In re A & A DAIRY
CASE NO. 10-52539-GWZ
Amended Stipulation re Cash Collateral

1    IN WITNESS WHEREOF, the parties hereto have caused this agreement to be duly executed

2 by their counsel of record.

3 **For "Bank":**

4 SHEA & CARLYON, LTD.

5    */s/ Candace Carlyon*

6 By:_____
        Candace C. Carlyon
7 Attorneys for WELLS FARGO BANK, N.A.,
  Secured Creditor
8

9 **For "Debtor":**

10
   DARBY LAW PRACTICE
11
        */s/ Kevin A. Darby*
12 By:_____
        Kevin A. Darby
13 Attorneys for A & A DAIRY, Debtor and
   Debtor in Possession
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>EXHIBIT "A"</u>

A&A Dairy 6-Month Cash Collateral Budget

| | December, 2010 | January, 2011 | February, 2011 | March, 2011 | April, 2011 | May, 2011 |
|---|---|---|---|---|---|---|
| **Monthly Income** | | | | | | |
| Rental of Houses/Trailers | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| Alfalfa Income | | | | | | $ 50,000.00 |
| **Total Monthly Income:** | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 52,000.00 |
| **Monthly Expenses** | | | | | | |
| Dan Alegre Salary | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 |
| Insurance | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Repairs & Maint. | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Fed. & State. Taxes | $ 1,000.00 | $ 9,011.00 | $ - | $ - | $ 1,000.00 | $ 9,011.00 |
| Utilities | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Water Maintenance Exp. | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Misc. | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 |
| US Trustees Fees | $ 4,875.00 | | | $ 4,875.00 | | |
| **Total Monthly Expenses:** | $ 12,975.00 | $ 16,111.00 | $ 7,100.00 | $ 11,975.00 | $ 8,100.00 | $ 16,111.00 |
| **Net PROFIT/LOSS** | $ (10,975.00) | $ (14,111.00) | $ (5,100.00) | $ (9,975.00) | $ (6,100.00) | $ 35,889.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16                                    ###
17
18
19
20
21
22
23
24
25
26
27
28